IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JESSIE L. WASHINGTON #907757 | § | |
| v. | § | CIVIL ACTION NO. 6:12cv1012 |
| REBECCA GILSON, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Jessie Washington, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

After review of the pleadings, the Magistrate Judge determined that the Plaintiff Jessie Washington had filed at least three previous lawsuits or appeals which had been dismissed as frivolous or for failure to state a claim upon which relief may be granted. Washington is thus subject to the bar imposed by 28 U.S.C. §1915(g) and cannot proceed under the *in forma pauperis* statute absent a showing that he is in imminent danger of serious physical injury, a showing which Washington failed to make in the present case. The Magistrate Judge also observed that the Fifth Circuit has barred Washington from filing any initial civil pleading in any court subject to the jurisdiction of the Fifth Circuit without the advance written permission of a judge of the forum court.

Accordingly, the Magistrate Judge issued a Report recommending that Washington's lawsuit be dismissed with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims, but without prejudice to his right to refile the lawsuit without seeking *in forma pauperis*

1

status and upon payment of the $350.00 filing fee. The Magistrate Judge also recommended that Washington's *in forma pauperis* status be revoked.

In response to the Magistrate Judge's Report, Washington filed a motion asking that the district judge review the case and that an evidentiary hearing be held. He did not address, much less object to, the Magistrate Judge's conclusions that he is subject to the "three strikes" rule of 28 U.S.C. §1915(g), nor that he failed to show that he was in imminent danger of serious physical injury. Accordingly, Washington is barred from *de novo* review by the district judge of these findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Even construing Washington's "motion for review by the district judge" as objections to the Report, such objections are plainly without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the Report of the Magistrate Judge and the Plaintiff's response thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's response is without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 3) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's *in forma pauperis* status be and hereby is REVOKED. The revocation of *in forma pauperis* status shall have no effect upon the collection order entered on January 2, 2013. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $350.00 filing fee. It is further

ORDERED that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**It is SO ORDERED.**

SIGNED this 14th day of February, 2013.

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE